## No. 76

## BAILEY et al v. GEISINGER

Ohio Appeals,.9th Dist., Summit County
No. 713. Decided Oct. 15, 1923

480. EVIDENCE—Parol evidence admissible where it appears that writing contained only part of agreement—Where written agreement is based upon a condition precedent, parol evidence was admissible to show that the condition never transpired.

PER CURIAM.

### Epitomized Opinion

First Publication of this Opinion

Geisinger brought an action to recover back $5,000 paid on the purchase price of certain real estate. The evidence disclosed that Geisinger entered into a written contract with Baileys to purchase certain real estate for a certain consideration, $5,000 of which was paid at the time of the execution of the contract. Geisinger claimed that both parties knew at the time of the execution of entering into the contract that there was a question as to whether or not a portion of the building on the property extended on to the adjoining property.

He claimed that the Baileys agreed that the true line should be ascertained by them and that if the building did extend on to the adjoining property that they would remove it by a certain time or the sale would be void. The written contract said nothing about any such agreement, and as judgment was rendered for plaintiff, the defendants claimed that the admission of evidence as to this oral agreement vitiated the rule that when parties have reduced their agreement to writing the same cannot be contradicted, altered, added to or varied by parol and extrinsic evidence. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Where it is made to appear by proper and competent means, as in the instant case, that the writing contains only part of the agreement entered into, parol evidence is competent

## STATE COURT OF APPEALS—Continued

to show what the parties really did agree to with reference to the subject matter of the contract; consequently no error was committed in admitting parol evidence.

2. As the plaintiffs' petition set forth facts which justified the trial court in assuming that the contract as executed and delivered was done so by plaintiffs upon a condition precedent or that the contract was not to become binding until the happening of a future event, parol evidence is admissible to show that that event or condition had not occurred.

Attorneys—Musser, Kimber & Huffman, for Bailey et al; Owen M. Roderick and Anderson, Ormsby & Kennedy, for Geisinger, all of Akron.